IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 05-30011 |
| ) | |
| KEVIN M. JOHNSON, ) | |
| ) | |
| Defendant. ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

Defendant Kevin M. Johnson's trial is set to commence on October 4, 2005. This case is before the Court on several motions filed by the Defendant: petition to expand the amount of funds to be allocated to the investigator [d/e 25]; motion for the service of subpoenas without prepayment of costs [d/e 26]; motion for the Government to produce a Santiago proffer before trial [d/e 27]; and his motion to require notice of intention to use other crimes, wrongs or acts evidence [d/e 28].

1

## I. Motion for the Service of Subpoenas

The Court will first consider the Defendant's motion for the service of subpoenas without the prepayment of costs. The Defendant alleges that in order for him to receive a fair trial, it is necessary that several individuals be subpoenaed. The Court has previously determined the Defendant's status as indigent.

Federal Rule of Criminal Procedure 17(b) provides in pertinent part that upon a defendant's request, "the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense." Rule 17(b) further provides, "If the court orders a subpoena to be issued, the process costs and witness fees will be paid in the same manner as those paid for witnesses the government subpoenas."

Given his indigent status, the Defendant has established an inability to pay the process costs and witness fees. The Defendant has provided no names or why a particular witness's presence is necessary for an adequate defense. However, the Court will assume that any witness subpoenaed by

the Defendant is necessary for an adequate defense. Therefore, the Defendant's motion is ALLOWED.

## II. Motion for the Government to Produce Santiago Proffer

Next, the Court will consider the Defendant's motion for the Government to produce a Santiago proffer prior to trial. Federal Rule of Evidence 801(d)(2)(E) provides that "a statement by a coconspirator of a party during the course of and in furtherance of the conspiracy" does not constitute hearsay. In order for such statements to be admitted, however, the district court must determine the Government has proved by a preponderance of the evidence that (1) a conspiracy existed; (2) the defendant and the declarant were members of the conspiracy; and (3) the proffered statement(s) were made during and in furtherance of the conspiracy. See United States v. Rodriguez, 975 F.2d 404, 406 (7th Cir. Cir. 1992) (citing United States v. Santiago, 582 F.2d 1128, 1134 (7th Cir. 1978)). The Seventh Circuit has held that pre-trial Santiago proffers are an appropriate method in determining admissibility under Rule 801(d)(2)(E). See id.

Consistent with Seventh Circuit precedent, the Court will have to make certain preliminary findings in order for any statements of a co-conspirator to be admitted during the Government's case in chief. Accordingly, the Defendant's motion for the Government to produce a <u>Santiago</u> proffer prior to trial as to any co-conspirator statements is ALLOWED.

### III. Motion as to Notice of Intention to Use Certain Evidence

The Defendant has also filed a motion to require notice of intention to use other crimes, wrongs, or acts evidence. The Defendant alleges that a review of the discovery shows a general indication of the potentiality as to other crimes, wrongs or acts to be presented as evidence. Pursuant to Federal Rule of Criminal Procedure 12(b)(2), and Federal Rule of Evidence 104(a) and (c), the Defendant requests that the Government give notice of its intention to use the following: (1) evidence of "other crimes, wrongs, or acts" of any Defendant, as that phrase is used in Federal Rule of Evidence 404(b); and (2) evidence of "[s]pecific instances of conduct" of a witness, as that phrase is used in Federal Rule of Evidence 608(b).

The Defendant notes that because of the nature of this type of evidence, the notice of the Government's intention to use such evidence prior to trial allows the Defendant to proffer any objections and affords the Court the opportunity to carefully consider the admissibility of the evidence. It would also serve to prevent delay for hearings outside the presence of the jury.

Rule 404(b) provides in pertinent part, "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." It goes on to provide that such evidence may be admissible for other purposes "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial . . . of the general nature of any such evidence it intends to introduce at trial." Fed. R. Evid. 404(b). The Defendant has requested that he be provided notice of "other crimes, wrongs, or acts," and the Court is certain that the Government will comply with this request pursuant to Rule 404(b).

5

Rule 608(b) provides in pertinent part:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence.  They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which the character the witness being cross-examined as testified.

Fed. R. Evid. 608(b).  This rule provides that there are certain circumstances in which an attorney may inquire during cross-examination as to a witness' "character for truthfulness."  The Court recognizes that at this stage, it may be difficult to determine precisely when or even if this will occur at trial.  These issues are sometimes not apparent until the trial is proceeding.  To the extent that is possible, the Government can identify and describe any such information that it intends to use.  Because these matters may only be inquired into at "the discretion of the court," however, any objection can also be made by the Defendant at the appropriate time outside of the jury's presence.

The Court will ALLOW the Defendant's motion to the extent that he requests that the Government provide notice of any intention to use "other crimes, wrongs, or acts" evidence under Rule 404(b).  As for the "specific instances of conduct" evidence under Rule 608(b), the Government can provide that evidence to the extent possible prior to trial.

IV. Petition to Expand the Amount of Funds for Investigator

The Defendant has also filed a petition to expand the amount of funds to be allocated to an investigator.  The Defendant lists five witnesses who will be required to be interviewed and debriefed concerning their alleged knowledge of the charges against him.  The addresses provided for each of these potential witnesses are located in Taylorville, Illinois.  Based on the amount of time that will be required to interview these potential witnesses, the Defendant requests additional funds up to the amount of $2,500.00 to enable Clutter Investigations to conduct these interviews concerning the individuals' potential knowledge of the alleged crime and possible exculpatory testimony. Pursuant to 18 U.S.C. § 3006A(e)(2), the amount allowed for such services without prior authorization may not exceed

$500.00, plus reasonable expenses.

The Defendant contends that if the motion is not allowed, he believes that his right to due process will be denied in that he will be unable to obtain potentially exculpatory evidence without the services of an investigator. In the event that the Defendant was not individual, counsel would employ an investigator on his behalf to prepare for trial. Based on the foregoing, the Defendant asks the Court to authorize funds to pay Clutter Investigations to a maximum of $2,500.00 for investigative services.

Previously, the Defendant filed a motion wherein he requested the authorization of funds up to $1000.00 to pay for investigative services. The Court denied that motion, reasoning there that was nothing in the record distinguishing this case from the typical criminal drug trial. While recognizing that the authorization of additional funds would be appropriate in certain cases, the Court was reluctant to make that the rule rather than the exception.

The Defendant has now provided the names of five potential witnesses. He claims that the services of an investigator are needed because

of the "amount of time that will be required to interview these potential witnesses." The Defendant does not indicate why it will take more than the typical amount of time to interview these witnesses. Because each of the witnesses is located in Taylorville, and given the fact that the jury trial is still several weeks away, the Court is not aware of any reason as to why counsel will not be able to conduct the interviews.

The Court recognizes, of course, that preparing for a trial includes much more than interviewing witnesses. However, the interviewing of witnesses is generally one aspect of preparing for a trial. The Court is unable to conclude that the need to interview five witnesses justifies the authorization for additional funds for investigative services. Accordingly, the Defendant's petition to expand the amount of funds to be allocated to an investigator will be DENIED.

Ergo, the Defendant's motion to expand funds to be allocated to an investigator [d/e 25] is DENIED. The Defendant's motion for service of subpoenas without prepayment of costs [d/e 26] is ALLOWED. The Defendant's motion for the Government to produce a Santiago proffer

9

before trial [d/e 27] is ALLOWED.  The Defendant's motion to require notice of intention to use other crimes, wrongs or acts evidence [d/e 28] is ALLOWED as provided for in this Order.

ENTER: August 23, 2005

    FOR THE COURT:

                              s/Richard Mills
                              United States District Judge