E-FILED
Tuesday, 30 August, 2005  04:28:14 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 05-30011 |
| | ) | |
| KEVIN M. JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

<u>OPINION</u>

RICHARD MILLS, U.S. District Judge:

In an Order entered on August 23, 2005, the Court denied the Defendant's petition to expand the amount of funds to be allocated to an investigator.  Pending before the Court is the Defendant's motion for reconsideration of that Order.

In its previous Order, the Court reasoned that the Defendant had not provided sufficient reasons which would justify the authorization of funds beyond the $500.00 amount which is allowed without prior authorization. In support of his motion, the Defendant had stated that the services of an

1

investigator were needed to assist in interviewing five potential witnesses. The Court was unable to conclude that this justified allowing additional funds.

In support of his motion to reconsider, the Defendant claims that the denial of his request placed him on an entirely uneven playing field versus the Government.   He states that the tremendous resources of the Government result in an unfair and unjust advantage at trial.   The Defendant alleges that he does not plan on wasting the requested funds, nor is he being overly zealous in the amount requested.

The Defendant notes that counsel always attempts to interview witnesses, and this case would be no different.  However, an investigator weeds out potential witnesses which are inappropriate or unsuitable and does so at an hourly rate which is less than that of an attorney.  Moreover, the investigator provides the Defendant with a third-party potential witness, in case a witness's testimony happens to change from the time that the witness is originally interviewed to the time that he testifies in court. Obviously, for purposes of impeachment, the Defendant's counsel and co-

counsel cannot testify.  An independent third-party investigator, however, could potentially provide that impeachment objective.  Moreover, an investigator provides an additional resource in providing an evaluation of the Defendant's case.

The Defendant further states that based upon the Court's reluctance to grant his most recently requested $2,500.00 maximum authorization, the Defendant is willing to instruct his investigator to keep his expenses at or below the $1,000.00 initially requested.

The Court recognizes that the Government has tremendous resources available to it in prosecuting a case.  Moreover, the concerns expressed by the Defendant are no doubt genuine.  The Court appreciates the fine work of counsel and other attorneys appointed pursuant to the Criminal Justice Act.

However, it is the view of the Court that authorization of investigative or other services in excess of the statutory amount should not be routinely allowed.  Such authorization might be appropriate, for example, in cases in which there are a particularly high number of potential witnesses, or in cases

in which there are numerous counts asserted against a defendant. Obviously, no case is routine to the parties involved, but the Court concludes that allowance above the maximum should be granted only in the types of cases such as those noted above.  As the Court has previously determined, this does not appear to be such a case.

Additionally, the Defendant's argument about the impeachment of witnesses, for example, is a concern which potentially exists in every case in which a single witness is interviewed.  That concern, while a valid one, cannot be the basis for the authorization of funds above the statutory limit. Otherwise, such authorization would be appropriate in practically every case.  Accordingly, the Court declines to depart from its previous Order denying the Defendant's motion to expand the amount of funds to be allocated to an investigator.

Ergo, the Defendant's motion for reconsideration [d/e 30] is DENIED.

ENTER: August 29, 2005

FOR THE COURT:

s/Richard Mills
United States District Judge

4