# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  05-30011 |
| | ) | |
| KEVIN M. JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on October 16, 2006, for the sentencing of Defendant Kevin M. Johnson.  Defendant Johnson appeared in person and by his attorneys Jon Gray Noll and Daniel L. Fultz.  The Government appeared by Assistant U.S. Attorneys Patricia McInerney and Delores R. Hurley.  On March 22, 2006, Defendant Johnson pleaded guilty to the charges of Conspiracy to Manufacture Controlled Substance (Methamphetamine), in violation of 21 U.S.C. §§ 841(a) and 846, as alleged in Counts 1 and 2 of the Indictment (d/e 1).  The United States Probation Office prepared a Revised Presentence Investigation Report (PSR), dated September 19, 2006.  The Government had no objections to

1

the PSR.

Defendant Johnson objected to the following paragraphs:

1. Paragraph 88

The Defendant objected to the finding that he should receive a three-level enhancement of the Guideline offense level because he and his co-conspirators created a substantial risk of harm to human life and the environment. U.S.S.G. § 2D1.1(b)(6)(B). The Defendant argued that the release of toxic chemicals occurred as an incident to manufacturing methamphetamine, and so, is included in the calculation of the base offense level and should not justify an additional enhancement. For reasons stated of record, the objection was overruled. The Court found that the release of anhydrous ammonia as set forth in paragraphs 24, 25, 29, 67, 71, and 73 far exceeded the amount of this chemical that would normally be released during the manufacturing process. The Court found that the release of anhydrous ammonia as set forth in those paragraphs created a risk of harm to human life and the environment sufficient to justify the enhancement.

2. Paragraphs 92 and 94

The Defendant objected to the finding in these paragraphs that he should receive a two-level upward adjustment in the Guideline offense level

for obstruction of justice and should not receive any adjustment for acceptance of responsibility. For reasons stated of record, the Court overruled the objection. After an evidentiary hearing, the Court determined that the Defendant attempted to intimidate Julia Raymond, a confidential source and potential witness at sentencing. The Court found that this act was done to impede the administration of justice at the sentencing hearing and was inconsistent with acceptance of responsibility. U.S.S.G. §§ 3C1.1 and 3E1.1, Application Note 4.

    3.    Safety Valve

The Defendant also asked the Court to apply the Safety Valve provisions to reduce his offense level. U.S.S.G. § 5C1.2. The Court has determined that the safety valve should not apply in this case due to the Defendant's attempt to intimidate Julia Raymond. The Court determined that this constituted the use of a credible threat of violence that warranted denial of the safety valve. U.S.S.G. § 5C1.2 (a)(2).

The Defendant had no additional objections to the PSR. The Court, therefore, adopted the findings of the PSR as its own. Accordingly, the Court found that Defendant Johnson had a final offense level of 39, and was in Criminal History Category I. The resulting Guideline sentencing range

3

was 262 to 327 months, in Zone D of the Guideline Range. The Court noted that the Guidelines are advisory, and that the Court was required to exercise its discretion to determine Defendant Jackson's sentence, considering the Guidelines, the statutory sentencing factors, and all other relevant information. United States v. Booker, 543 U.S. 220 (2005); 18 U.S.C. § 3553(a).

The Defendant then moved for a downward departure to avoid unwarranted sentencing disparity with his co-defendant and with defendants in related cases and others involved in the conspiracy. The Court determined, in its discretion, that a sentence within the advisory Guideline range would result in an unwarranted disparity when compared with the sentences received by the co-defendant and the other co-conspirators and their criminal histories and relative culpability. 18 U.S.C. § 3553(a)(6). The Court determined that a sentence of 230 months would be an appropriate sentence to avoid this disparity.

The Court, in its discretion, also allowed the Defendant's motion to receive a credit for ten months served on a state sentence in Christian County, Illinois, Circuit Court Case No. 04-CF-11 because his conduct in that case was part of the conduct that made up the offense of conviction.

Cf. U.S.S.G. § 5K2.23.  The Government had no objection to this Motion and agreed that the credit would be appropriate.  The Court thus, in acknowledging that he should receive this credit, determined that a sentence of 220 months imprisonment was appropriate.

THEREFORE, after considering the case file, the evidence presented, the Guidelines, the relevant statutory sentencing factors, the arguments of counsel, and the statement of Defendant Johnson, the Court sentenced Defendant Kevin M. Johnson to a term of 220 months imprisonment on Counts 1 and 2, to run concurrently; to be followed by 5 years of supervised release on Counts 1 and 2, to run concurrently; and imposed a $200.00 special assessment.  The Court determined that no fine should be imposed.  The Court recommended to the Bureau of Prisons that Johnson be placed in a facility that has an intensive drug treatment program and is also as close to Taylorville, Illinois, as possible.  The Court then informed Johnson of his right to appeal his conviction and sentence.  Johnson asked that the Clerk be directed to file a notice of appeal on his behalf, and the Court directed the Clerk to file the notice.  Based on the Defendant's indigency, the Court ordered that a transcript of the Court hearings held be prepared and a copy furnished to Defendant without charge for purposes of his appeal.

IT IS THEREFORE SO ORDERED.

ENTER: October 18, 2006.

FOR THE COURT:

>   s/ Jeanne E. Scott
>   JEANNE E. SCOTT
>   UNITED STATES DISTRICT JUDGE